UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SYLVIA CHIMHINA,

    Plaintiff,

v.   Case No. 3:25-cv-924-MMH-PDB

DELTA AIR LINES, INC.,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Sylvia Chimhina, initiated this action on August 13, 2025, by filing a Complaint and Demand for Jury Trial (Doc. 1; Complaint) against Defendant Delta Air Lines, Inc. Upon review, the Court finds that the Complaint is due to be stricken because the Complaint constitutes an impermissible "shotgun pleading."

In the analysis that follows, the Court will discuss some of the problems with the Complaint and provide Chimhina with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)).[1] Chimhina should carefully review this Order and consider utilizing

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

the resources available for pro se litigants, cited below, before filing her corrected complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

As a preliminary matter, the Court offers some general guidance for Chimhina as she drafts her corrected complaint. This guidance is not directed at particular deficiencies in the Complaint but instead is intended to be generally useful for Chimhina as she navigates the complexities of federal practice. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[2] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading

---

[2] In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "to require the pleader to present h[er] claims discretely and succinctly, so that h[er] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[3] The Eleventh Circuit

---

[3] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:
> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at

has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

---

1321–23).

Relevant in this action are two types of shotgun pleadings. The first occurs when the plaintiff drafts a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1322. Here, Chimhina states many facts in the Introduction and Factual Allegations sections of the Complaint, but she fails to connect those facts to any of the seven causes of action that she identifies as her claims. See Complaint at 12. Indeed, Chimhina makes no attempt to actually plead the elements of any claim. Instead, she simply lists the claims she seeks to bring by title or by identifying the potential legal basis for the claim. See id. This is entirely insufficient. And, plead in this manner, the Court is unable to discern how any of these allegations are relevant to any particular claim. When preparing her corrected complaint, Chimhina should explain which facts support each cause of action she seeks to bring and must make an effort to plead viable claims.

Notably, Chimhina explicitly brings claims against Delta Air Lines in the Complaint. However, she also states that she is suing other unnamed defendants by using the abbreviation "et al.," although she never specifies who the additional defendants are or what claims would be brought against those defendants. The Court cautions Chimhina that only a defendant named in the Complaint is a party to this action. Additionally, to the extent Chimhina intends to amend her Complaint to add additional defendants, the Court advises her

that the second type of shotgun pleading occurs when, in a case with multiple defendants, the pleader fails to make specific allegations with respect to each defendant. It is improper to assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323; see, e.g., id. at 1323 n.14 (collecting cases). As with claims premised on different facts and legal theories, claims against different defendants should be separated into different counts. This allows each defendant to more readily identify which claims and factual allegations are directed at that defendant so the defendant can frame a responsive pleading. Accordingly, in the event that Chimhina adds defendants in her corrected complaint or an amended complaint, Chimhina should identify the additional defendants by name and delineate the wrongdoing for which they are responsible.

Because Chimhina's Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Chimhina to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Chimhina must avoid the shotgun pleading deficiencies discussed above and describe in sufficient detail the factual basis

for each of her claims. Failure to comply with the Rules and this Order may result in a dismissal of this action without further notice.

Prior to filing her corrected complaint, the Court encourages Chimhina to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Chimhina may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[4]

Accordingly, it is

**ORDERED:**

1. Plaintiff Sylvia Chimhina's Complaint and Demand for Jury Trial (Doc. 1) is **STRICKEN**.

---

[4] In preparing her corrected complaint and any future filings, the Court recommends that Chimhina visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Chimhina does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

2. Chimhina shall file her corrected complaint on or before November 24, 2025.[5] Failure to do so may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 3rd day of November, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc36

Copies to:
Pro Se Party
Counsel of Record

---

[5] The filing of the corrected complaint does not affect any right Chimhina may have to amend as a matter of course under Rule 15(a)(1).