AUG 18 2026 PM4:59
RCVD DB - USDC - FLMD - JAX

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION**

Case No.: 3:25-cv-924-MMH-PDB

SYLVIA CHIMHINA,
Pro Se Plaintiff,

vs.

DELTA AIR LINES, INC.,
Defendant.
_______________________/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE LIMITED REPLY**

Plaintiff, Sylvia Chimhina, proceeding pro se, respectfully moves for leave to file a limited reply to Defendant Delta Air Lines, Inc.'s Response in Opposition to Plaintiff's Time-Sensitive Motion to Extend Expert Disclosure and Report Deadline. Plaintiff requests leave to file a limited reply not exceeding **seven (7) pages** within **one (1) business day** of any order granting leave.

Leave is needed to address factual clarifications and limited legal points raised in Delta's opposition bearing directly on Rule 16 good cause, diligence, treating-provider disclosures, EMAS / Neurology Partners, and Delta's claimed prejudice. Plaintiff does not seek to reargue the motion or expand the issues. Under Rule 16(b)(4), good cause turns on whether the schedule could be met

despite the diligence of the party seeking the extension. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998).

First, Plaintiff seeks to clarify the September 3, 2026 conferral date versus the September 15, 2026 deadline requested in the motion. September 3 was proposed during conferral while Plaintiff was still attempting to obtain and serve whatever materials could be completed by the August 3, 2026 expert disclosure/report deadline. After continued provider and expert efforts showed that September 3 was too compressed, Plaintiff requested September 15 to provide a realistic deadline rather than overpromise and underdeliver.

Second, Plaintiff seeks to clarify the diligence record, including current efforts involving Morris Chiropractic, Barbour Orthopedics, Southeast Orthopedic Specialists, and EMAS / Neurology Partners. Plaintiff also seeks to clarify that EMAS is not a newly raised issue and not merely a financial-hardship issue. EMAS is a central treating spine/neuro/pain-management provider whose treatment relates directly to the injuries at issue. Plaintiff has attempted to address EMAS-related issues for more than a year, including a Letter of Protection-type written assurance, state-court proceedings, and continued efforts to obtain voluntary treating-provider cooperation.

Third, Plaintiff seeks to address the distinction between retained-expert reports and Rule 26(a)(2)(C) treating-provider disclosures. Treating providers are not automatically required to provide full Rule 26(a)(2)(B) reports merely because they may testify about causation, prognosis, or future care. See *Cedant v. United States*, 75 F.4th 1314, 1322–24 (11th Cir. 2023).

Fourth, Plaintiff seeks to address Delta's claimed prejudice. Plaintiff seeks a short extension to provide Delta with organized treating-provider disclosures, reports, and supplemental materials that facilitate preparation rather than impede it. Expert disclosure serves preparation for cross-examination and rebuttal. *Reese v. Herbert*, 527 F.3d 1253, 1265–66 (11th Cir. 2008).

Finally, Plaintiff seeks to address a practical cure to the EMAS treating-provider barrier. Plaintiff has requested advance assistance from Delta since 2023. August 18, 2026 marks three years since the injury. Delta's Amended Answer, filed May 11, 2026, admits that the Montreal Convention applies and separately admits that "the spill was an accident." Plaintiff seeks to address why the Montreal advance-payment framework and Delta's carriage provisions are relevant to Delta's financial-hardship and prejudice arguments, without asking the Court to finally adjudicate advance-payment entitlement in the limited reply.

For these reasons, Plaintiff respectfully requests leave to file a limited reply not exceeding seven pages. Plaintiff will not file the proposed reply unless and until the Court grants leave.

Respectfully submitted,

/s/ Sylvia Chimhina

Sylvia Chimhina

1906 Promenade Way, Apt 2103

Jacksonville, FL 32207

Pro Se Plaintiff

Email: rusilc@gmail.com

Telephone: 860-834-0520

Date: August 18, 2026

LOCAL RULE 3.01(g) CERTIFICATE

Plaintiff certifies that on August 18, 2026, Plaintiff conferred with counsel for Defendant by email and telephone regarding the relief requested in this motion. At 4:15 PM, defense counsel advised that Defendant opposes the requested relief.

/s/ Sylvia Chimhina

Sylvia Chimhina

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August 2026, I mailed a true and correct copy of the foregoing document(s) to counsel for Defendant Delta Air Lines, Inc., at the address listed below, via United States Mail pursuant to Rule 5(b)(2)(C).

Christopher J. Jahr, Esquire, Florida Bar No. 73066

WICKER SMITH O'HARA McCOY & FORD, P.A.

515 East Las Olas Blvd, Suite 1400

Fort Lauderdale, FL 33301

Telephone: (954) 847-4800

Attorneys for Delta Air Lines, Inc.

/s/ Sylvia Chimhina

Sylvia Chimhina

1906 Promenade Way, Apt 2103

Jacksonville, FL 32207

Pro Se Plaintiff

Email: rusilc@gmail.com

Telephone: 860-834-0520

Date: August 18, 2026