United States District Court
Middle District of Florida
Jacksonville Division

**SYLVIA CHIMHINA,**

***Plaintiff,***

**v.** **NO. 3:25-cv-924-MMH-PDB**

**DELTA AIR LINES, INC.,**

***Defendant.***

---

# Order

The plaintiff moves to extend the August 3, 2026, expert disclosure deadline to September 14, 2026. Doc. 42. The defendant opposes the motion. Doc. 46. The plaintiff moves for leave to reply. Doc. 48.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. All parties must comply with the rules, even if the party is proceeding without a lawyer. *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025).

A case management and scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks and quoted authority omitted). "If

a party was not diligent, the good cause inquiry should end." *Id.* (internal quotation marks, alterations, and quoted authority omitted).

The plaintiff's motion to extend the expert disclosure deadline, Doc. 42, is **denied**. As argued by the defendant, *see* Doc. 46, the plaintiff fails to demonstrate good cause—i.e., that she could not meet the expert disclosure deadline despite diligence. She likewise fails to provide any other sufficient reason for extending the deadline. Provider non-cooperation, financial prerequisites, expert availability, and time required for professional review are foreseeable circumstances. The underlying facts occurred mostly in 2023, and the action has been pending since 2025. *See* Doc. 12. The parties asked the court to establish August 1, 2026, as the deadline for the plaintiff to disclose any expert witness. Doc. 21 at 2. The court considered the request and, on January 20, 2026, entered a case management and scheduling order establishing the plaintiff's expert disclosure deadline as August 3, 2026 (the first business day after the requested day). Doc. 26 at 1. The court emphasized: "**THE COURT HAS DONE EVERYTHING POSSIBLE TO SET APPROPRIATE DEADLINES FOR THIS CASE. THE PARTIES SHOULD PROCEED ACCORDINGLY. DO NOT ASSUME THAT THE COURT WILL EXTEND THESE DEADLINES**." Doc. 23 at 6. The deadline was established six months before the plaintiff moved to extend it (one business day before its expiration). *See* Doc. 42.

The plaintiff's motion for leave to reply, Doc. 48, is **denied**. No reply is necessary. In any event, the court considered the substance included in the

motion for leave to reply, despite Local Rule 3.01(e)'s prohibition against including the proposed reply in a motion for leave to reply.

**Ordered** in Jacksonville, Florida, on September 2, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*

c: Sylvia Chimhina
1906 Promenade Way, Apt. 2103
Jacksonville, FL 32207