124434-7

UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

CASE NO. 3:25-cv-924-MMH-PDB

SYLVIA CHIMHINA,

Pro Se Plaintiff,

v.

DELTA AIR LINES, INC.,

Defendant.
____________________________/

**DEFENDANT, DELTA AIR LINES, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, DELTA AIR LINES, INC., ("DELTA"), by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, files this Motion for Summary Judgment and states:

## I - INTRODUCTION

This is a personal injury lawsuit in which Plaintiff, Sylvia Chimhina, claims orthopedic injuries from an accident that occurred on August 18, 2023, while she was a passenger on a Delta flight from London Heathrow Airport ("LHR") to Hartsfield-Jackson Atlanta International Airport ("ATL"). (*See* Def's Statement of Undisputed Material Facts "SUMF" ¶ 1).

Specifically, Ms. Chimhina claims a flight attendant accidentally spilled hot water onto her after she had ordered a cup of tea. SUMF ¶ 2. As a result, Ms. Chimhina claims she instinctively attempted to lift herself out of her seat to escape the hot water, but her seatbelt restrained her which caused compression, twisting, and trauma to her spine, pelvis, hips and surrounding tissues. SUMF ¶ 3.

Ms. Chimhina claims that after the accident she has suffered continuous pain in her spine and hip. SUMF ¶ 7. Her first documented medical treatment occurred on August 21, 2023, when she went to the Baptist Health Hospital in Jacksonville, Florida. SUMF ¶ 8. During this consult she was observed to have no visible injury to the skin on her back where she complained of pain, there was no evidence of injury, and there were no findings that would require any type of medical imaging. SUMF ¶ 9-12. She returned to Baptist Health Hospital on September 2, 2023, during which it was noted, "Her pain is definitely unusual for this type of injury. For this reason, I have recommended she follow-up with a neurologist." SUMF ¶ 9-12

For personal injury damages, medical expert testimony is required to establish medical causation where the claimed injuries are not readily observable. *Willis v. Royal Caribbean Cruises, Ltd.*, 77 F.4th 1332, 1338 (11th Cir. 2023). Ms. Chimhina's claimed injury of radiating pain in her spine and hip is not readily observable and requires expert medical testimony to establish causation.

The Case Management and Scheduling Order provided that Plaintiff shall serve her Rule 26 expert disclosure and reports on or before August 3, 2026. SUMF ¶ 17. Plaintiff failed to serve or disclose any expert witness disclosure or opinions on or before the August 3, 2026, deadline. SUMF ¶ 18. On September 2, 2026, the Court entered an Order DENYING the Plaintiff's motion to extend her expert witness deadline. SUMF ¶ 19.

Ms. Chimhina has not, and cannot, provide admissible testimony from any expert witness who can establish medical causation for her claimed injuries and summary judgment is appropriate.

## <u>II – STATEMENT OF JURISDICTION</u>

This Court has subject matter jurisdiction over this action based upon federal question jurisdiction as this civil action arises under a treaty of the

United States, namely the Convention for the Unification of Certain Rules for International Carriage by Air, entered May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 309 ("Montreal Convention").

Although the Montreal Convention provides the cause of action for personal injuries defined in its terms, the United States Supreme Court has ruled that the Montreal Convention acts as a pass-through to the domestic law of the forum to measure the compensatory damages and related liability rules. *See generally Zicherman v. Korean Air Lines Co., Ltd.*, 516 U.S. 217 (1996); *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155 (1999).

The Eleventh Circuit applied this pass-through framework in *Murphy v. Airway Air Charter, Inc.*, No. 24-13811, 2026 WL 125793 (11th Cir. Jan. 16, 2026). In *Murphy*, the court noted that the Montreal Convention did not address how the Court should apply issues of joint and several liability, so the Court applied the substantive law of the forum on that issue. *Id*.

In *Jacob v. Korean Air Lines Co. Ltd.*, 606 Fed. Appx. 478, 481 (11th Cir. 2015), the Eleventh Circuit dismissed a Montreal Convention case for failure to "submit any medical-expert evidence at all in opposition to summary judgment." *Jacob,* Fed. Appx. 478, 481 (11th Cir. 2015). As evidenced by the

*Jacob* decision, damages – and how they are measured – are determined by the law of the forum state, and not the Montreal Convention itself. The Eleventh Circuit has previously affirmed Summary Judgment dismissals in Montreal Convention claims where a plaintiff fails to disclose expert testimony to establish medical causation and Florida law requires such in cases like this where the condition is not readily observable. *See* Section V, *infra*.

## III – STATEMENT OF UNDISPUTED MATERIAL FACTS (SUMF)

### Details of Accident

1. This is a personal injury lawsuit in which Plaintiff, Sylvia Chimhina, claims bodily injury from an accident that occurred while she was a passenger on a Delta Air Lines, Inc. ("Delta") flight from London Heathrow Airport (LHR) to Hartsfield-Jackson Atlanta International Airport (ATL). ("Subject Accident"). *See* Amd. Compl. ¶ 6, 9 [ECF No. 12]; Chimhina Dep. Tr., Aug. 26, 2026, 82:20;

2. Specifically, Ms. Chimhina claims a flight attendant accidentally spilled hot water onto her after she had ordered a cup of tea. Chimhina Dep. Tr., 41:17; 86:3.

3. As a result, Ms. Chimhina claims she instinctively attempted to lift herself out of her seat to escape the hot water, but the seatbelt restrained her, which caused compression, twisting, and trauma to her spine, pelvis, hips and surrounding tissues. *See* Amd. Compl. ¶ 9; Chimhina Dep. Tr., 13:9; 192:15.

4. She now claims orthopedic injuries to her spine and hip with radiating pain into her lower extremities. Chimhina Dep. Tr., 13:9; 192:15.

**No Physical Evidence of Injury**

5. After Plaintiff arrived in Atlanta, she was examined by EMTs who met her at the gate. After examining the Plaintiff, the EMTs told her: "[w]e do not believe that you had need to go to the emergency room or to get medical transportation." (Chimhina Dep. Tr. 97:1-24).

6. After meeting with the EMTs, Ms. Chimhina was able to continue her trip and make her connecting flight from Atlanta to her home in Jacksonville, Florida. Chimhina Dep. Tr., 82:20.

7. After she returned to her home in Jacksonville, Florida, Ms. Chimhina claims she continued to experience pain in her spine and hip with radiating pain into her lower extremities. Chimhina Dep. Tr., 42:5.

8. Ms. Chimhina's first documented medical treatment occurred on August 21, 2023, when she went to the Baptist Health Hospital in Jacksonville, FL. Chimhina Dep. Tr., 104:14.

9. During that August 21, 2023, consult, she met with and was examined by Alexander J. Yeats Jr., M.D. *Baptist Health Consult, pg. 6 and 12.*

10. The clinical notes from this consult state, "Patient has no visible injury to the skin on her back where she complains of pain. There is no erythema or blistering, skin is completely intact." *Baptist Health Consult, pg. 9.*

11. Further notes from the Physical Exam conclude, in bold print, "**No evidence of injury".** Emphasis in original. *Baptist Health Consult, pg. 9.*

12. Dr. Yeats concluded, "There are no findings that would require any type of imaging". *Baptist Health Consult, pg. 6.*

13. Ms. Chimhina was discharged home and instructed to take over-the-counter remedies for pain as needed. *Baptist Health Consult, pg. 10.*

14. Ms. Chimhina returned to Baptist Health Hospital on September 2, 2023, and consulted with Joseph M. King, MD. *Baptist Health Consult, pg. 1.*

15. The notes from this consult state, "Her pain is definitely unusual for this type of injury. For this reason, I have recommended she follow-up with a neurologist." *Baptist Health Consult, pg. 1.*

16. Ms. Chimhina thereafter treated with other medical providers for pain in her spine and hip with radiating pain into her lower extremities. Chimhina Dep. Tr., 13:9.

**Plaintiff Failed to Disclose Any Testifying Experts**

17. On January 20, 2026, this Court entered its Case Management and Scheduling Order, which provided Plaintiff with nearly seven (7) months to obtain and disclose her experts. Plaintiff's Rule 26 expert disclosures were due on or before August 3, 2026. ([ECF 23]).

18. Plaintiff failed to serve or disclose any expert witness disclosure or expert witness opinions on or before August 3, 2026, deadline.

19. Specifically, on September 2, 2026, this Court entered an Order DENYING the Plaintiff's motion to extend the August 3, 2026, expert witness disclosure deadline. ([ECF 49]).

20. Plaintiff has failed to disclose any expert witness who can provide admissible testimony to establish medical causation for her claimed injuries.

**Delta Rule 26 Expert Disclosure**

21. Pursuant to the Case Management and Scheduling Order, Delta's Rule 26 expert disclosures were due on or before October 1, 2026. ([ECF 23]).

22. Delta timely served its expert disclosures and identified three testifying expert witnesses: Timothhy E. Fee, MD – plastic surgery; Stanton L. Longenecker, MD – orthopedic surgery; and Melissa Davis, CPA, CFE– forensic accountant. *Delta Rule 26 Disclosures.*

23. A copy of the Delta Air Lines, Inc. Rule 26 expert witness disclosure, and the Rule 26 expert reports of Dr. Fee and Dr. Longenecker, have also been filed with the Court. *Delta Rule 26 Disclosures.*

24. Plastic surgeon Timothhy E. Fee, MD, completed a Compulsory Medical Examination of Ms. Chimhina, examined all areas of claimed burn injury, reviewed the medical records listed in his report, and is of the medical opinion that her areas of claimed injury all have normal skin tone and

appearance and there is no evidence of any wound or scarring. *Delta Rule 26 Disclosures, pgs 8-12.*

25. Orthopedic surgeon Stanton L. Longenecker, MD also completed a Compulsory Medical Examination of Ms. Chimhina, examined all areas of claimed orthopedic injury, reviewed the medical records listed in his report, and is of the medical opinion that:

a. Ms. Chimhina has documented complaints of radiating back pain going back to 2002 following a vehicle accident, and then again in December of 2014 that were addressed surgically by removal of ovarian cysts which then resolved; *Delta Rule 26 Disclosures, pgs. 16, 22.*

b. EMG/NCV performed in March of 2024 ruled out any entrapment neuropathy; *Delta Rule 26 Disclosures, pg. 22.*

c. Dr. Longenecker personally reviewed the post-accident MRI films and saw no evidence of any traumatic injury. *Delta Rule 26 Disclosures, pgs. 18-23.*

d. Plaintiff's complaints of leg pain on both the front and back are not consistent with any finding on the MRI films and are, in

general, anatomically impossible. *Delta Rule 26 Disclosures, pg. 23.*

e. There is no credible objective evidence that Ms. Chimhina suffered a back or hip injury from the August 18, 2023, accident. *Delta Rule 26 Disclosures, pgs. 22-23.*

**IV - SUMMARY JUDGMENT STANDARD OF REVIEW**

Summary judgment shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotation marks omitted)). "A factual dispute is genuine 'if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008).

## <u>V – ARGUMENT</u>

### <u>A – Plaintiff has failed to disclose any expert witnesses who can provide the required medical causation testimony</u>

In a claim for personal injury damages, medical expert testimony is required to establish causation where the medical injuries are not "readily observable." *Willis v. Royal Caribbean Cruises, Ltd.*, 77 F.4th 1332, 1338 (11th Cir. 2023). "[A]lleged injuries to [the]…spine are not readily observable" and thus plaintiffs are required to establish a causal connection between the mechanism of injury and the subjective pain complaints. *Ballard v. United States*, No. 3:15-CV-101-J-25MCR, 2017 WL 11630641, at *8 (M.D. Fla. Oct. 5, 2017). Failure to disclose experts in the time frame required by a Case Management and Scheduling Order results in the party's inability to "use that information or witness to supply evidence in a motion, at a hearing, or at trial." Fed. R. Civ. P. 37(c)(1).

Courts, applying Florida law, have ruled that "lay testimony is legally insufficient to support a finding of medical causation where the condition involved is not readily observable." *Vero Beach Care Ctr. v. Ricks*, 476 So. 2d 262, 264 (Fla. 1st DCA 1985); *see also Rementer v. United States*, 8:14-CV-642-T-17MAP, 2017 WL 1095054, at *18 (M.D. Fla. Mar. 21, 2017) ("In the negligence context under Florida law, "lay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable.").

Notably, none of Ms. Chimhina's claimed injuries are readily observable. Indeed, even Emergency Room physicians who treated her just days after the accident found "no evidence of injury" and concluded there were "no findings that would require any type of imaging". SUMF 11-15. Her own Emergency Room physicians had no clinical explanation for her ongoing complaints of pain and referred her to a neurologist. SUMF 15. Ms. Chimhina's claimed injuries are not readily observable and fall entirely within the scope of claimed injuries that require expert witness testimony to provide causation under Florida and federal law.

Ms. Chimhina failed to disclose any testifying experts in compliance with the Case Management and Scheduling Order. SUMF ¶17-20. Plaintiff's request for an extension of time to retain and disclose testifying experts was denied by this Court. SUMF ¶19. It is therefore undisputed that Plaintiff has not, and cannot, disclose any expert witness who can provide admissible testimony to establish medical causation for her claimed injuries. Federal Rule of Civil Procedure 37(c)(1) automatically excludes expert testimony for failure to comply with disclosure under Rule 26. Fed. R. Civ. P. 37(c)(1).

Plaintiff failed to serve any Rule 26 expert disclosure whatsoever – and she failed to disclose any treating physicians under Rule 26(a)(2)(C) as "experts" who need not provide a report. Plaintiff does not, and cannot, present any evidence of medical causation for her claimed injuries. Of course, it matters not to the law why Plaintiff does not have a medical expert – only that she does not have one. *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361 at *6 (S.D. Fla. Apr. 4, 2013) ("There is no good faith exception to this requirement.").

Without expert medical testimony, Plaintiff "has not borne her burden of bringing forth medical expert evidence opining on the issue of causation."

*Willis v. Royal Caribbean Cruises, Ltd.*, 77 F.4th 1332, 1336 (11th Cir. 2023). Without expert testimony, Plaintiff cannot prove causation—a crucial element of her claim. *Id.* at 1340. Accordingly, the Court should enter final summary judgment in Delta's favor. *Id.* at 1340 (finding that summary judgment for the defense was proper because the plaintiff could not establish medical causation); *Arevalo v. Mentor Worldwide LLC*, No. 21-11768, 2022 WL 16753646 at *9 (11th Cir. Nov. 8, 2022) (finding that the defendant was entitled to summary judgment because the plaintiff could not establish specific causation after the court excluded opinions of the plaintiff's retained causation expert); *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1316–17 (11th Cir. 2014) (affirming the district court's grant of summary judgment on the grounds that the plaintiffs had no admissible expert testimony to prove their claims following the court's exclusion of their expert causation testimony).

**C – Medical opinion testimony from Delta's experts establishes no evidence of injury**

Pursuant to the Case Management and Scheduling Order, Delta's Rule 26 expert disclosures were served on October 1, 2026. SUMF ¶21.

Delta's retained plastic surgeon, Timothy E. Fee, MD, completed a Compulsory Medical Examination of Ms. Chimhina, examined all areas of her claimed injuries, reviewed the medical records listed in his report and disclosure, and is of the medical opinion that the areas of claimed injury all have normal skin tone and appearance and there is no evidence of any wound or scarring. SUMF ¶24. Notably, these opinions are consistent with the Emergency Room physicians who examined Ms. Chimhina only three days after her claimed injury who also found, "No evidence of injury". SUMF ¶11.

Delta's retained orthopedic surgeon, Stanton L. Longenecker, MD, also completed a Compulsory Medical Examination of Ms. Chimhina, reviewed the medical records listed in his report and disclosure, and is of the medical opinion that Ms. Chimhina's continued complaints of back and hip pain are, in general, anatomically impossible, and not consistent with any findings on her MRI images. SUMF ¶25. Simply put, Dr. Longenecker found no credible objective medical evidence to show Ms. Chimhina suffered an orthopedic injury from the August 18, 2023, accident. SUMF ¶25.

Because the undisputed medical evidence in this case shows there is no evidence of injury to Ms. Chimhina's body caused by her claimed August 18, 2023 incident, final summary judgment should be entered in favor of Delta Air Lines, Inc.

## **CONCLUSION**

The Court should grant summary judgment in favor of Delta because Plaintiff has failed to disclose any medical expert to establish medical causation of her claimed injuries and is now precluded from disclosing such experts. The Court may therefore enter final summary judgment because Plaintiff must establish medical causation before she can recover any of her claimed damages.

WHEREFORE, the Defendant, DELTA AIR LINES, INC., respectfully requests this Honorable Court enter an order granting Defendant's Motion for Summary Judgment and enter judgment in favor of Defendant with respect to all of Plaintiff's claims, and for any further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on October 20, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Respectfully submitted,

***s/ Christopher J. Jahr***

Christopher J. Jahr, Esquire (73066)
cjahr@wickersmith.com
Brandon M. Polsky, Esquire (1029860)
bpolsky@wickersmith.com
Kevin G. Peter, Esquire (1069188)
kpeter@wickersmith.com
WICKER SMITH O'HARA
McCOY & FORD, P.A.
515 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 847-4800
Facsimile: (954) 760-9353
*Attorneys for Delta Air Lines, Inc.*

**SERVICE LIST**

Served via US mail and email to Plaintiff at the following address:

Sylvia Chimhina
*Pro Se Plaintiff*
Via Email: rusilc@gmail.com
1906 Promenade Way, Apt 2103
Jacksonville, FL 32207